DECISION AND JUDGMENT ENTRY
This is an appeal from the Erie County Court of Common Pleas which, following a jury trial, found defendant-appellant, James Hammon, guilty of drug trafficking, a violation of R.C. 2925.03. For the reasons that follow, we reverse the decision of the trial court.
Appellant sets forth the following assignments of error:
 "I. The trial court erred in allowing the jury to view the videotaped interrogation of Joseph Fresch because Mr. Hammon was thereby denied his federal constitutional right to confront his accuser. U.S. Const. amend. VI, XIV. (2nd Rev. TR. Vol. 2, p. 292).
 "II. Trial counsel's failure to object to the playing of the videotaped interrogation of Mr. Fresch on a federal constitutional basis denied Mr. Hammon his constitutional right to the effective assistance of trial counsel. U.S. Const. VI, XIV; Sec. 10, Art. I, Ohio Const. (2nd Rev. TR Vol. 2, p. 292).
 "III. The trial court effectively denied Mr. Hammon due process and the opportunity for adequate appellate review by sentencing Mr. Hammon to the maximum prison term without stating reasons supporting the requisite findings, as is required by Ohio law. U.S. Const. amend. VI, XIV; Section 16, Art I, Ohio Const; R.C. 2929.14(C); R.C. 2929.19(B) (2)(d). (Ex. A — Sentencing Entry; Sentencing TR, p. 25-26).
 "IV. The trial court erred to the prejudice of Mr. Hammon by failing to employ an adequate recording device to maintain a complete record of all proceedings, thereby denying Mr. Hammon his rights to a record of the proceedings, due process and the effective assistance of appellate counsel. U.S. Const. amend. VI, XIV; Sections 10, 16, Art. I, Ohio Const.; Crim.R. 22. (Trial transcripts).
 "V. Mr. Hammon has been denied his right to a speedy appeal, in violation of the Due Process Clauses of the state and federal constitutions. U.S. const. XIV; Section 16, Art. I, Ohio Const."
The following facts are relevant to this appeal. On March 11, 1997, appellant was indicted on one count of cocaine possession, a violation of R.C. 2925.11(A), and one count of drug trafficking, a violation of R.C.2925.03(A). On March 27, 1997, appellant entered a not guilty plea as to the charges.
A jury trial commenced on August 11, 1997. On August 14, the jury found appellant guilty of drug trafficking, but acquitted him of drug possession. On September 26, 1997, the trial court denied appellant's motion for a new trial and sentenced him to the maximum prison term of twelve months.
Appellant's trial counsel filed a timely notice of appeal. However, counsel failed to timely file a praecipe and docketing statement; this court dismissed the appeal on December 3, 1997. Finding that appellant's appellate counsel was ineffective, we reopened appellant's appeal on February 4, 1999.
Appellant was directed, on March 9, 1999, to transmit the record within sixty days. After multiple extensions due to difficulties with the quality of the tape-recorded trial, the trial transcript was filed on February 12, 2001.
We will first address appellant's fifth assignment of error as it is dispositive. In this assignment of error, appellant argues that the three and one-half year delay following his conviction and the decision, on appeal, by this court denied appellant his right to a speedy appeal. Appellant claims this right under the Due Process Clause, rather than theSixth Amendment which he concedes applies only to trial court proceedings.
In support of his argument, appellant cites the Sixth Circuit Court of Appeals case captioned United States v. Smith (C.A.6 1996), 94 F.3d 204. In Smith, the court acknowledged that the Due Process Clause affords an appellant "a minimum expectation of a reasonably timely appeal." Id. at 207. The court then adopted the speedy trial analysis set forth inBarker v. Wingo (1972), 407 U.S. 514, modifying it to fit within the appellate framework. Id. The factors considered include length of delay, reason for delay, appellant's assertion of his right, and prejudice. Under the prejudice factor, the Smith court considered the following three parallel interests:
 "'(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired.'" Id., quoting Harris v. Champion (C.A.10 1994), 15 F.3d 1538, 1559.
The first factor, under Smith, is length of the delay. The court notes that most courts evaluating appellate delay do so on a case-by-case basis. Looking at the length of the delay in the instant case, we find that appellant was convicted on September 26, 1997, and filed his original notice of appeal on October 27, 1997. The case was subsequently dismissed because appellant, through counsel, failed to timely file a praecipe and docketing statement. The appeal was reopened on February 3, 1999.
On May 4, 1999, appellant filed a motion for an extension of time to transmit the record. Appellant explained that the court reporter required an additional forty-five days to complete the record because the Erie County Court of Common Pleas tape records its proceedings which must be transcribed in the courtroom when court is not in session. This was further complicated by the fact that the trial consisted of six tapes. We granted the extension.
Requests for a second and third extension were filed on June 15, 1999 and August 18, 1999. Again, the extensions were requested due to the size of the trial transcript and the difficulties in transcription. The requests were granted.
On November 29, 1999, appellant, pursuant to App.R. 9(E), requested that this court issue an order to correct and supplement the record due to approximately nine hundred twenty "inaudibles" in his trial transcript. This court directed appellant to seek stipulations with the state as to the substance of the inaudibles. The efforts proved unsuccessful.
On April 10, 2000, this court granted appellant's motion for an order to have the trial tapes sent to an audio expert. Thereafter, through agreement of the parties, an attempt was first made, in collaboration with a court reporter, to try and decipher the inaudibles; still, over four hundred inaudibles remained.
After going forward with the aid of the audio expert, and after this court ordered the trial court to relinquish the trial tapes, appellant again requested an extension of time due to difficulties in finding a similar recording device to play back the tapes. The experts indicated that the device used was an "antique," and that they had been searching for the right equipment for weeks.
The second revised transcript was filed on February 12, 2001, two years after appellant's appeal was reopened. The transcript contains approximately two hundred seventeen inaudibles.
App.R. 10(A) requires that the record, including the transcript, be filed within forty days after filing the notice of appeal. A delay of two years, under the facts of this case, requires that we take a closer look at the reasons for such delay.
As alluded to above, at the time of appellant's trial the Erie County Court of Common Pleas' recording system was undeniably antiquated. After great length and cost the transcript was finally complete enough to be, we believe, constitutionally adequate. We find that the reason for the delay must solely be charged to the trial court, due to the antiquated recording device and delay in relinquishing the tapes. This court is aware of other instances of trial transcripts from Erie County containing an inordinate number of inaudibles. We find this unacceptable.
As to the third Smith prong, assertion of the right, the appellate record does not contain evidence that appellant, prior to his amended brief, asserted his right to a speedy appeal. This fact, however, does not mean that such right was waived. See Smith at 210.
Finally, we must determine whether appellant was prejudiced by the delay. The first Smith consideration is oppressive incarceration pending appeal. This factor we find clearly weighs in favor of appellant. At the time of this review, appellant has already served his prison sentence for the charge for which he was convicted. We further note that the fact that appellant's original appellate counsel was ineffective, combined with the inordinate delay in transmitting the trial transcript most certainly, under the second Smith consideration in determining prejudice, caused appellant concern and anxiety over the state of this appeal. Appellant did not make any arguments as to the third Smith
consideration, prejudice in appellant's ability to assert his defenses during retrial or resentencing. Based on the foregoing, we find that appellant was prejudiced by the delayed appeal.
Appellant's fifth assignment of error is well-taken. Based on our disposition of appellant's fifth assignment of error, we find appellant's first, second, third and fourth assignments of error moot.
On consideration whereof, we find that appellant's due process right to a reasonably timely appeal was violated. Accordingly, the judgment of the Erie County Court of Common Pleas is reversed and appellant's conviction is vacated. Costs assessed to appellee.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.